UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DINO ANTOLINI, : | |
|                Plaintiff, : | Case No. 19-VC-07645 (VSB) |
|     - against - : | |
| RAMON NIEVES, BARBARA NIEVES, : | |
| 195 10TH AVENUE LLC, GASPARE VILLA, | |
| ANNA DA SILVA, and SONNY LOU INC. : | |
|                Defendants. | |

---

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

#### I. BACKGROUND

On August 15, 2019 Plaintiff Dino Antolini filed its Complaint against Defendants Ramon Nieves, 195 10th Avenue LLC, Gaspare Villa, Anna Da Silva, and Sonny Lou Inc. (herein collectively referred to as "Defendants"), and issued its Summons on August 16, 2019 alleging disability discrimination, in violation of Title III of the Americans with Disabilities Act 42 U.S.C. §§ 12181 *et seq*, New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City of New York § 8-107. On October 15, 2019, Defendants answered Plaintiff's Complaint, asserting thirty Affirmative Defenses.

On October 21, 2019, Plaintiff filed a letter asking the Court to strike several of the Defendants' affirmative defenses. On October 22, 2019, the Court denied Plaintiff's letter-motion without prejudice and directed Plaintiff to comport with Local Rule 7.1.

On October 28, 2019, Plaintiff re-filed its Motion to Strike as a Motion to Compel, asking this Court to strike Defendants' affirmative defenses.

## II. DISCUSSION

### A. The Legal Standard for a Motion to Strike Pursuant to Rule 12(f)

Federal Rule of Civil Procedure 12(f) provides that: "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Further, "[m]otions to strike affirmative defenses should be granted only when it appears to a *certainty* that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935 (2d Cir. 1984), cert. granted, judgment vacated sub nom, Salcer v. Envicon Equities Corp., 478 U.S. 1015, 106 S. Ct. 3324, 92 L. Ed. 2d 731 (1986); Employers Ins. Co. of Wausau v. Crouse-Cmty. Ctr., Inc., 489 F. Supp. 2d 176 (N.D.N.Y. 2007) (citing Fed. Rules Civ. P. Rule 12(f)(emphasis added)). Further, the Court is to "construe[] the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made." China Tr. Bank of New York v. Standard Chartered Bank, No. 96 CIV. 9764 (SWK), 1998 WL 574391, at *2 (S.D.N.Y. Sept. 4, 1998) (citing Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 564 (S.D.N.Y.1989)). Thus, "[m]otions to strike affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure are not generally favored." 489 F. Supp. 2d at 179. Lastly, "courts should grant these motions when the defenses presented are clearly insufficient." Id (citing Simon v. Mfrs. Hanover Trust Co., 849 F.Supp. 880, 882 (S.D.N.Y.1994)).

In evaluating a motion to strike an affirmative defense, Courts employ a three-prong standard. Therefore, the Plaintiff must demonstrate: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." Id.

2

Lastly, "[c]ourts are reluctant to grant a motion to strike an affirmative defense when there has been no significant discovery." Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York, 278 F. Supp. 2d 313 (N.D.N.Y. 2003).

### B. Plaintiff's Motion Should Be Denied and Defendants' Affirmative Defenses Should Not Be Striken

Plaintiff relies on Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005), citing the three-pronged standard for striking an affirmative defense, however, Plaintiff fails to demonstrate how each and every prong has been met for each and every affirmative defense they seek to strike from Defendants' Answer.

Without addressing the three-pronged test, and without showing that Plaintiff would "succeed despite any state of the facts which could be proved in support of the defense," Plaintiff blanketly asserts that this Court should strike Plaintiff's First, Sixth, Seventh, Ninth, Twelfth, Sixteenth, Twenty-Second, Twenty-Fifth, and Twenty-Seventh affirmative defenses, without even specifically discussing the defenses that Plaintiff seeks to strike.[1]

Plaintiff fails to apply the three-pronged standard to *any* of the affirmative defenses or to individually address Defendants' affirmative defenses to describe their individual prejudicial effect. Instead, Plaintiff points to legal arguments. However, a "motion to strike affirmative defense for legal insufficiency is not favored and will not be granted unless it appears to certainty

---

[1] First Affirmative Defense (Failure to State a Claim); Sixth Affirmative Defense (Failure to Mitigate Damages); Seventh Affirmative Defense (Good Faith Reliance Upon Local Building Authorities); Ninth Affirmative Defense (Estoppel); Twelfth Affirmative Defense (Statute of Limitations); Sixteenth Affirmative Defense (Good Faith); Twenty-Second Affirmative Defense (Building Pre-dates Statutory Enactment); Twenty-Fifth Affirmative Defense (Notice); Twenty-Seventh Defense (Opportunity to Cure).

3

that plaintiff would succeed despite any state of facts which could be proved in support of defense, *particularly where there has been no significant discovery.*" Edelman v. Envicon Equities Corp., 744 F.2d at 935 (emphasis added). Because each affirmative defense is not addressed individually, Plaintiff inherently misrepresents Defendants' affirmative defenses by stating that "Defendants in their Sixth, Seventh, Ninth, Twelfth, Sixteenth, and Twenty-Second Affirmative defenses allege not only erroneous law, but incredibly claim that their state of mind is a barometer to be utilized for determining the alleged violations of Federal law, as well as falsely asserting that Plaintiff did not mitigate his alleged damages." Pl.'s Memo. in Supp. of Motion to Strike Affirmative Defenses (Pl.'s Memo), at 4. By attempting to address six of Defendants' affirmative defenses at once, without applying the three-prong standard to each defense, Plaintiff misrepresents Defendants' defenses. Lastly, Plaintiff fails to show that there is no scenario under each affirmative defense that it seeks to strike that Defendants' defenses may succeed nor has Plaintiff alleged that it will suffer prejudice by the assertion these defenses.

In addressing Defendants' Twenty-Second and Twenty-Fifth[2] Affirmative Defenses, Plaintiff, again failing to address the three-prong standard, instead states: "Not only do the Defendants fail to submit any proof, but also fail to offer any case law, statutory law, administrative law, or otherwise to support their contention that Plaintiff is barred from bringing suit under the American with Disabilities Act. As such this defense(s) are nonsensical, as prerequisites are completely irrelevant, immaterial and outside the scope of the ADA and the four corners of the Complaint, it is invalid pursuant to Fed. R. Civ. P. 8." Pl's. Memo, at 4. Instead of demonstrating that: 1) there is no question of fact that might allow the defense to succeed; (2) there is

---

[2] Since Defendants' Twenty-Fifth and Twenty-Seventh Affirmative Defenses are substantially similar, Defendants' have conceded to strike the Twenty-Fifth Affirmative Defense.

4

no substantial question of law that might allow the defense to succeed; and (3) the plaintiff is prejudiced by the inclusion of the defense, Plaintiff misleads the court by attempting to shift the onus onto Defendants, which is not the proper standard nor applicable to the pleading of affirmative defenses. See generally Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109 (S.D.N.Y. 2005). Additionally, Plaintiff acknowledges that: "[o]ne of the core purposes of Rule 8(c) is to place the opposing parties on *notice* that a particular defense will be pursued so as to prevent surprise or unfair prejudice." Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003) (emphasis added). Since there has been no significant discovery as there the parties have yet to exchange documents, it is hard to state whether any facts tend to exist or preclude these defenses.

Plaintiff states a general justification as to all the affirmative defenses it seeks to strike by stating that: "the defenses at issue are likely to significantly increase the cost, duration and complexity of the matter." Pls's Memo at 2-3. Plaintiff serves to use this singular statement as a justification for why Plaintiff will be prejudiced, without addressing or discussing each defense specifically. However, Plaintiff has unduly burdened this Court and caused Defendants to incur unnecessary expenses filing their motion to strike certain Defendants' affirmative defenses. See generally Raymond Weil, S.A. v. Theron, 585 F. Supp. 2d 473, 489–90 (S.D.N.Y. 2008) (denying Plaintiff's motion to strike the first affirmative defense, failure to state a cause of action, and failure to mitigate damages, as during a damages trial, "the defendant can always allege failure to mitigate."). Further, as to unnecessary expenses associated with this motion, it has been reasoned that: "[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time." Id. at 490.

Plaintiff's general statement as to the costs associated with the defenses at issue, is not enough of a showing that Plaintiff is at all prejudiced by the inclusion of these defenses. Further, the defenses do not expand the scope of discovery beyond the bounds established by Plaintiff's own claims nor confuse the issues in the case as Defendants' defenses are plead in general terms in an effort to provide Plaintiff with fair notice and in an effort to preserve defenses which may otherwise be waived.

### III. CONCLUSION

All of Defendants' affirmative defenses are factually possible and do not prejudice Plaintiff. Therefore, Plaintiff's motion to strike Defendants' affirmative defenses should be denied with prejudice.

Dated: New York, New York
November 7, 2019

FASULO BRAVERMAN & DI MAGGIO, LLP

BY: s/ Louis V. Fasulo
    LOUIS V. FASULO
225 Broadway, Suite 715
New York, New York 10007
(212) 566-6213
LFasulo@FDMLaw.com
*Attorneys for Defendants*

TO:   Stuart H. Finkelstien, Esq.
      Finkelstein Law Group, PLLC
      338 Jericho Turnpike
      Syosset, New York 11791
      finklestienlawgroup@gmail.com
      *Attorney for Plaintiff*