

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY & CO

www.FBDMLaw.com
SBraverlaw@fbdmlaw.com

**FASULO BRAVERMAN & DI MAGGIO, LLP**

ATTORNEYS AT LAW

*Via ECF*                                                                                November 25, 2019
Judge Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Antolini v. Nieves, et al.*
      Case No.: 1:19-cv-07645(VSB)

Dear Judge Broderick,

   We represent Defendants Ramon Nieves, Barbara Nieves, 195 110th Avenue LLC, Gaspare Villa, Anna Da Silva, Sonny Lou Inc., in connection with the above-captioned matter.

   Enclosed is the proposed Case Management Plan and Letter pursuant to the initial pre-trial conference order. These documents have been filed by Defendants solely, as Defendants have not received any correspondence from Plaintiff regarding these submissions.

                                              Respectfully Submitted,

                                              s/ Louis Fasulo
                                              Louis V. Fasulo, Esq.
                                              Fasulo Braverman & Di Maggio, LLP
                                              225 Broadway, Suite 715
                                              New York, New York 10007
                                              Tel. 212-566-6213

cc: All Counsel (ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DINO ANTOLINI

    Plaintiff,

v.

RAMON NIEVES, BARBARA NIEVES,
195 10TH AVENUE LLC, GASPARE
VILLA, ANNA DA SILVA, SONNY LOU,
INC., and 195 10TH AVENUE, LLC,

    Defendants.

CASE NO: 19 CV 07645 (VSB)

**LETTER SUBMITTED
PURSUANT TO INITIAL
PRETRIAL CONFERENCE ORDER**

Dear Judge Broderick,

    This letter is submitted by Defendants pursuant to your Order for an Initial Pre-trial Conference, dated November 25, 2019. The Initial Pre-trial Conference is scheduled for Thursday, December 5, 2019, at 10:30 a.m.

    (1)    Plaintiff filed this action pursuant to Article III of the Americans with Disabilities Act ("ADA"), alleging violation of the ADA laws on the Defendants' property. Defendants principal defenses include: Plaintiff's failure to state a claim upon which relief can be granted and Plaintiff's lack of standing, further enumerated in Defendants' Answer and Affirmative Defenses.

    (2)    Sonny Lou, Inc. was incorporated with its principal place of business in New York. 195 10th Avenue, LLC is a limited liability company in the State of New York.

    (3)    Defendants anticipate making a Motion to Stay the action pending remediation and a Motion to Stay pending Plaintiff's counsel's criminal case.

    (4)    Plaintiff served its First Request for Production and First Set of Interrogatories on October 20, 2019, and Defendants' served their Responses to Plaintiff's requests as well as their First Request for Production and First Set of Interrogatories on November 18, 2019.

    (5)    The parties have initiated settlement discussions; however, the parties have not reached an agreement.

    (6)    The parties believe that the estimated length of trial to be one week.

    (7)    Defendants are investigating the relation of the allegations of US v. Stuart Finkelstein, 19-mj-06549 to this matter. As such, Defendants believe that the additional information regarding Plaintiff's counsel's pending criminal action may be inherently related to this case to determine if Defendants are victims.

1

Respectfully submitted,

By: S/ Louis V. Fasulo
Louis V. Fasulo, Esq.
Fasulo, Braverman & Di Maggio LLP
225 Broadway Suite 715
New York, NY 10007
Telephone: (212) 566-6213
Facsimile: (212) 566-8165
Email: lfasulo@fbdmlaw.com
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINO ANTOLINI,                    :

               Plaintiff,       :       Case No. 19-VC-07645 (VSB)

          against -              :       **CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

RAMON NIEVES, BARBARA NIEVES,     :
195 10TH AVENUE LLC, GASPARE VILLA,
ANNA DA SILVA, and SONNY LOU INC.  :

              Defendants.

---

<u>VERNON S. BRODERICK, United States District Judge</u>:

      Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties [consent_____ / do not consent _X_] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all consent, the remainder of the Order need not be completed at this time.*]

2. The parties [have _X_ / have not _____] engaged in settlement discussions.

3. This case [is _X_ / is not _____] to be tried to a jury.

4. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional parties may be joined without leave of the Court.

5. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional causes of action or defenses may be asserted after without leave of the Court.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than <u>December 18, 2019</u>. [*Absent exceptional circumstances, within 14 days of the date of the parties' conference pursuant to Rule 26(f).*]

7. All fact discovery is to be completed no later than <u>April 13, 2020</u>. [*A period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil

Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a.    Initial requests for production of documents shall be served by January 15, 2019.

    b.    Interrogatories shall be served by January 15, 2019.

    c.    Depositions shall be completed by March 13, 2019.

        i.    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

        iii.    Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    d.    Requests for admissions shall be served no later than February 24, 2020.

9. All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by May 16, 2020. *[The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.]*

10. All discovery shall be completed no later than June 19, 2020.

11. The Court will conduct a post-discovery conference on_____at _____. *[To be completed by the Court.]* No later than two weeks in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action. If either party contemplates filing a dispositive motion, the parties should be prepared to discuss a briefing schedule at the post-discovery conference.

12. Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

13. Counsel for the Defendants propose the following alternative dispute resolution mechanism for this case:

   a. __X__ Referral to a Magistrate Judge for settlement discussions.

   b. __X__ Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b).*]

   c. _____ Retention of a private mediator.

   The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The Defendants present best estimate of the length of trial is __one week__.

SO ORDERED.

Dated: _____
       New York, New York

                                        _____
                                        Vernon S. Broderick
                                        United States District Judge

3