STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

March 27th, 2020

The Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

                          Re: Antolini vs. Ramon Nieves, et al
                          Case No.: 1:19-cv-07645-VSB

Dear Judge Broderick,

I represent Plaintiff Dino Antolini in the above matter and seek to compel defendants to respond to discovery propounded. Pursuant to your Individual Rules & Practices in Civil Cases, defense counsel and I had our meet and greet on January 7, 2020 at approximately 4 pm and I sent him our deficiency letter the day before.

Unfortunately, there was no resolution. The Defendants were served with **five** separate and distinct requests, 1) Plaintiff's First Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure; 2) Plaintiff's Notice of Service of Fact and Expert Witness Interrogatories; 3) Plaintiff's First Set of Interrogatories, 4) Plaintiff's Request, pursuant to Rule 26(a)(2) for Production and a Rule 34 Notice for Inspection of the Subject Facility.

Mindful of the five-page limit, I am addressing the purported responses to Plaintiff's First Request for Production of Documents only, although the responses of the other three Requests are of the same nature.

Demand No.1 All documents identifying any alterations, renovations or improvements to the Property, including the exterior spaces (including alterations to the ramp areas, e.g., re-grading) as well as the interior/tenant spaces by any person or entity or tenant since January 26, 1992. (for example: scope of work, work orders, any and all surveys that were conducted in accordance with the remedial measures contracts or agreements in connection with the performed work, invoices, payments, requests for proposals, responses to requests for proposals, permits, variances, plans, blue prints, etc.).
    Response to Demand No. 1

See general objections. Defendants object to this demand as overbroad and seeks information which is neither relevant to any cause of action or defense, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants

STUART H. FINKELSTEIN, ESQ.

further object to this demand for any documents prior to the lease start date of March 18, 2016. Defendants are continuing their search for any responsive documents relevant to the timeframe from March 16, 2016 to present, and if such documents exist, will produce them on a rolling basis under separate cover no later than 90 days from this response.

+Plaintiff is entitled to determine if there is an alternative method to prove discrimination if the facility has been altered and if so, what is the burden to effectuate the repairs. Any reference to a lease is worthless and immaterial. Defendants' rationale for objecting to Plaintiff's discovery across the board assumes that one legal standard will prevail over another.

---

Demand No.17
All documents substantiating or evidencing that one or more ADA violations at the Property cannot be remedied due to the fact that remediation is not readily achievable.

Response to Demand No.17
See general objections. Notwithstanding the foregoing general objections, Defendants are continuing their search for any responsive, non-privileged documents and if such documents exist, will produce them under separate cover on a rolling basis no later than 90 days from this response.

Demand No. 18
All documents substantiating or evidencing that one or more ADA violations at the Property cannot be remedied due to the fact that remediation is technically infeasible.

Response to Demand No. 18
See general objections. Notwithstanding the foregoing general objections, Defendants are continuing their search for any responsive, non-privileged documents and if such documents exist, will produce them under separate cover on a rolling basis no later than 90 days after this request.

Demand No.19
All documents substantiating or evidencing that one or more ADA violations at the Property cannot be remedied due to the fact that remediation is structurally impracticable.

Response to Demand No.19
See general objections. Notwithstanding the foregoing general objections, Defendants are continuing their search for any responsive, non-privileged documents and if such documents exist, will produce them under separate cover on a rolling basis no later than 90 days after this request.

STUART H. FINKELSTEIN, ESQ.

Disbelievingly, the defendants pleaded in their Answer that that remediation is not readily achievable, is not technically infeasible and is structurally impracticable, making all 3 of these Responses at the minimum disingenuous.

Demand No. 21
All Federal income tax returns, including all schedules thereto, filed by Defendants for each of the past three years.

Response to Demand No. 21
See general objections. Defendants additionally object as "all Federal income tax returns, including all schedules" is confidential and not relevant to any cause of action or defense.

Demand No. 22
All financial statements of the Defendants prepared within the past three years.

Response to Demand No. 22
See general objections. Defendants additionally object as the demand for "all financial statements" is not relevant to any cause of action or defense.

Demand No. 23
All applications made by the Defendants to any lender, or potential lender, within the past three years.

Response to Demand No. 23
See general objections. Defendants additionally object as the demand for "all applications made by the Defendants to any lender, or potential lender" is not relevant to any cause of action or defense.

Demand No. 24
All sales, personal property and real estate tax bills for the Property for the past three years.

Response to Demand No. 24
See general objections. Defendants additionally object as the demand for "all sales, personal property and real estate tax bills" is not relevant to any cause of action or defense.

Demand No. 28
All documents showing the operating expenses of the Property.

Response to Demand No. 28
See general objections. Defendants additionally object as Plaintiff's demand for "all documents showing the operating expenses of the Property" is not relevant to any cause of action or defense. Defendants further object to this demand as the burden of producing the proposed discovery outweighs any likely benefit.

STUART H. FINKELSTEIN, ESQ.

Demand No. 29
The general ledger(s) for Defendants for the past three years.

Response to Demand No. 29
See general objections. Defendants additionally object as Plaintiff's demand for "the general ledger(s) for Defendants for the past three years" is vague and is not relevant to any cause of action or defense.

Demand No. 30

The "QuickBooks" records for Defendants for the past three years.

Response to Demand No. 30
See general objections. Defendants additionally object as Plaintiff's demand for "the 'QuickBooks' records for Defendants for the past three years" is not relevant to any cause of action or defense.

Demand No. 31

The cash receipts and cash disbursements journal for Defendants for the past three years.

Response to Demand No. 31
See general objections. Defendants additionally object as Plaintiff's demand for "the cash receipts and cash disbursements journal for Defendants for the past three years" as it is not relevant to any cause of action or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

Demand No. 32

Profit and loss statements for the Defendants for the past three years.

Response to Demand No. 32
See general objections. Defendants additionally object as Plaintiffs demand for "profit and loss statements for the Defendants for the past three years" as it is not relevant to any cause of action or defense, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this demand as the burden or producing the proposed discovery outweighs any likely benefit.

Demand No. 33
Balance sheets for Defendants for the past three years.

Response to Demand No. 33
See general objections. Defendants additionally object as Plaintiffs demand for "balance sheets for Defendants for the past three years" as it is not relevant to any cause of action or defense, nor reasonably calculated to lead to the discovery of admissible evidence.

STUART H. FINKELSTEIN, ESQ.

<u>Demand No. 34</u>

All documents showing the ownership of Defendants entity.

<u>Response to Demand No. 34</u>

See general objections. Notwithstanding the foregoing general objections, Defendants are continuing their search for any responsive, non-privileged documents will produce them along with the deed to the property under separate cover on a rolling basis, no later than 30 days from this response.

———————

Prevailing case law mandates Plaintiff's information of the financial status of the Subject Facility as these Requests go to the very heart of this lawsuit. I am attaching a portion of the trial transcript in the matter of Todd Kreisler vs. Second Avenue Diner Corp. and J.J.N.K Corp., wherein Judge Richard J. Sullivan enumerated the law. See page 365-366. Kreisler v. Second Ave. Diner Corp., 2012 U.S.Dist. Lexus 129298 at +20. 2012 WL 3961304 (S.D.N.Y. 2112), aff'd. 731 F3d. 184 (3d Cir.2013). Ext 1.

I need to inform your Honor we have communicated to defense counsel that we are ready, willing and able to enter into a confidentially agreement, but that offer has been rebuffed.

Respectfully Plaintiff seeks to compel defendants to respond to all of Plaintiff's propounded Discovery Requests.

Very truly yours,

Stuart H. Finkelstein

Plaintiff's letter does not comply with my Individual Rule 3, which mandates the submission of a joint letter detailing, "with specificity, the requested discovery that each dispute involves and the respective position of each party, citing the applicable authority that the respective parties claim for support." The parties are directed to meet and confer, and file, within thirty (30) days, a joint letter in compliance with my Individual Rule 3. During the meet and confer, the parties shall attempt to narrow the scope of the discovery requests to avoid unnecessary discovery disputes.

SO ORDERED:

*Vernon Broderick*
HON. VERNON S. BRODERICK  3/30/2020
UNITED STATES DISTRICT JUDGE

-5-