

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY & CO

www.FBDMLaw.com
LFasulo@fbdmlaw.com

<u>*Via electronic filing*</u>                                     July 10, 2020
Hon Judge Robert W. Lehrburger
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 518
New York, New York 10007

**Re:**    *Antolini v. Ramon Nieves, et al., 19-CV-07645*

Dear Your Honor,

Pursuant to this Court's Order dated June 3, 2020, the parties were directed to exchange certain documents and discovery on or before June 28, 2020. Specifically, the Court Ordered Defendant Sonny Lou, Inc. to produce cash receipts in its possession by that date. Because of the voluminous nature of the discovery, this Court extended Defendant's time to July 13. For the reasons stated herein, I write to respectfully request this Court modify its June 3, 2020 Order as to not require Defendant Sonny Lou, Inc. to produce cash receipts, as doing so (1) has become unduly burdensome, especially where the information sought is otherwise in Plaintiff's possession, and (2) is no longer relevant due to the COVID-19 pandemic.

**Relevant Law**

Pursuant to Federal Rules of Civil Procedure Rule 26(b), parties may obtain non-privileged discovery relevant to a claim or defense and proportional to the needs of the case,

> considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Advisory Committee Notes explain that the "purpose of discovery is to provide a mechanism for making relevant information available to the litigant." FED. R. CIV. PROC. R. 26,

| | | |
|---|---|---|
| **225 Broadway, Suite 715** | **505 Eighth Avenue, Suite 300** | **Post Office Box 127** |
| **New York, New York 10007** | **New York, New York 10018** | **Tenafly, New Jersey 07670** |
| **Tel (212) 566-6213** | **Tel (212) 967-0352** | **Tel (201) 569-1595** |
| **Fax (212) 566-8165** | **Fax (201) 596-2724** | **Fax (201) 596-2724** |

Notes of Advis. Com. Of 1983 Amend. While "[m]utual knowledge of all the relevant facts . . . is essential to proper litigation" [*Hickman v. Taylor*, 329 U.S. 495, 507 (1947)], overuse or unnecessary discovery "results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at steak." *Id*.

The 2015 "proportionality" amendment was established to "deal with the problem of overdiscovery."

> The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse. *Id*.

Here, Plaintiff requests the production of cash receipts to determine, *inter alia*, the feasibility and financial ability of defendants to make repairs or modifications. Defendants acknowledge that certain financial information is relevant. However, given the circumstances discussed below, the production of cash receipts of Defendant Sonny Lou, Inc. (a NYC restaurant) is not proportional to the needs of the case, is excessively costly and time consuming, and no longer particularly relevant in light of the COVID-19 pandemic.

### A.  Producing Cash Receipts Has Become Unduly Burdensome, and Excessively Costly and Time Consuming

Defendant Sonny Lou, Inc. has been working diligently to locate and organize its cash receipts for the past three years. Our office received the organized cash receipts on Tuesday, July 7. The cash receipts consist of hundreds and small pieces of paper, organized by month and year for the past three years. Our office is in the process of coping each individual receipt. Due to the COVID-19 pandemic, staff only comes into our office two days per week.

The staff member reports that each month take approximately 2 or more hours to copy. At this rate, it will take our office approximately 72 hours to copy all the receipts. This is an extraordinary amount of time spent copying. If our staff member devoted 8 hours per week to this task (approximately half of his time spent in our office per week), it would take approximately 9 weeks to complete. Further, to require our client to bear this enormous expense would be unreasonable.

The benefit of this information to Plaintiff is minimal at best. Defendant Sonny Lou, Inc.'s gross sales are provided in its tax returns, which have already been produced to Plaintiff. Spending perhaps dozens of hours recalculating three years of Sonny Lou, Inc.'s cash sales does not seem beneficial to either party. Producing individual cash receipts where the information is already in Plaintiff's possession is the type of redundancy the 2015 amendment sought to eliminate.

Therefore, I respectfully submit that the burden and expense of producing this information substantially outweighs any benefit to Plaintiff and is disproportionate to the needs of the case.

**B.     The Information Sought is No Longer Relevant in Light of the COVID-19 Pandemic**

Plaintiff seeks financial information of defendants in order to determine the feasibility and financial ability of defendants to make the repairs and modifications alleged in the complaint. This determination has becoming increasingly complicated in light of the COVID-19 pandemic and its financial impact on the restaurant industry in New York City.

According to the New York State Restaurant Association, 53% of New York restaurants temporality closed between March and April 2020. New York restaurants report a 79% decline in sales from April 1 to April 10 compared to the same time period for 2019. An estimated 11% of restaurants were expected to permanently close before the middle of June, with more restaurants reporting closures daily. Of those that remain open, 97% report that sales are down compared to last year.[1]

Like 97% of New York restaurants, Defendant Sonny Lou, Inc. reports a steep decline in sales since March. As we now know, without a vaccine or "heard immunity," there is no way to predict the success or failure of a New York City business or restaurant.

The volatility of the COVID-19 pandemic poses particular issues here. Sales and net profits from years past may no longer be useful in determining the "feasibility" and "financial ability" of defendants. In light of this, the production of hundreds of cash receipts is no longer particularly relevant. Especially when considering the burden and expense of doing so, and that Plaintiff already possesses the information sought.

## Conclusion

In light of the foregoing, I respectfully request that this Court enter an Order as to not require Defendant Sonny Lou, Inc. to produce cash receipts. In the alternative, Defendants propose that the cash receipts either be made available for Plaintiff's inspection, or that Defendants be given a 90-day extension of time to produce the cash receipts. I thank the Court for its consideration.

Respectfully submitted,

   /s/ Michael Giordano
Fasulo Braverman & Di Maggio, LLP
225 Broadway, Suite 715
New York, New York 10007

---

[1] Survey Shows New York's Restaurant Industry Still Crushed By COVID-19: State's Decline Continues to Outpace National Averages, New York State Restaurant Association (Apr. 21, 2020), at
https://www.nysra.org/uploads/1/2/1/3/121352550/ny_survey_covid_impact_press_release.pdf