```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DINO ANTOLINI,                                              :
                                                            :
                                   Plaintiff,               :
                                                            :             19-CV-7645 (VSB) (RWL)
                   - against -                              :
                                                            :                   ORDER
                                                            :
RAMON NIEVES, et al.,                                       :
                                                            :
                                   Defendants.              :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/2020

VERNON S. BRODERICK, United States District Judge:

On October 21, 2019, Plaintiff Dino Antolini ("Plaintiff") filed a letter motion to strike certain affirmative defenses from Defendants 195 10th Avenue LLC, Anna Da Silva, Barbara Nieves, Ramon Nieves, Sonny Lou Inc., Gaspare Villa's (collectively "Defendants") Answer. (Doc. 19.)  I denied the letter motion without prejudice, as Plaintiff's motion did not comply with Local Civil Rule 7.1.  (Doc. 20.)  On October 28, 2019, Plaintiff refiled his motion.  (Doc. 21.) Defendants opposed the motion on November 7, 2019.  (Doc. 22.)  Plaintiff did not file a reply. For the reasons that follow, Plaintiff's motion is DENIED.

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  To succeed on a motion to strike an affirmative defense, Plaintiff must "show that:  (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense."  *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)).  Federal courts have broad

discretion in deciding whether to grant motions to strike," *Orientview Techs. LLC v. Seven for All Mankind, LLC*, No. 13 Civ. 0538(PAE), 2013 WL 4016302, at *3 (S.D.N.Y. Aug. 7, 2013), and such motions are generally disfavored and will not be granted "unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense," *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986), (quotations and citations omitted).

Plaintiff argues that Defendants' First Affirmative Defense for failure to state a claim is more appropriately the subject of a motion to dismiss pursuant to Rule 12(b)(6). (Doc. 21, at 3.) This argument lacks merit because "[i]t is well settled . . . that a failure-to-state-a-claim defense can properly be asserted as an affirmative defense in an answer." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 432 (S.D.N.Y. 2010) (citing *S.E.C. v. Toomey,* 866 F. Supp. 719, 723 (S.D.N.Y. 1992)). Accordingly, "a failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiff[]." *Id.*

Plaintiff next argues that Defendants' Twenty Fifth and Twenty Seventh affirmative defenses are duplicative and "proffer false law." (Doc. 21, at 4.)[1] To the extent that these defenses rely on invalid interpretations of the law, Plaintiff fails to identify what these invalid legal theories are, and I will not manufacture an argument for Plaintiff in the face of Plaintiff's otherwise conclusory arguments.

Finally, Plaintiff argues that Defendants' Sixth, Seventh, Ninth, Twelfth, Sixteenth, and

---

[1] Defendants concede that these affirmative defenses are duplicative, and I therefore strike the Twenty-Fifth Affirmative Defense. (Doc. 22, at 4 n.2.)

2

Twenty Second Affirmative Defenses "allege . . . erroneous law," and fail to "offer any case law . . . to support how and why Defendants are exempt from the" Americans With Disabilities Act. (Doc. 21, at 4.)  Again, Plaintiff's argument is entirely conclusory, and on a motion to strike it is Plaintiff's burden to demonstrate that an affirmative defense is not viable.  Even if Plaintiff demonstrated that there are no questions of fact or law that would allow Defendants' affirmative defenses to succeed, Plaintiff has entirely failed to demonstrate why it would be prejudiced by the inclusion of these affirmative defenses, which is a separate basis to deny Plaintiffs' arguments.

      Accordingly, it is hereby:

      ORDERED that Plaintiff's motion to strike, (Doc. 21), is DENIED.  The Clerk is directed to terminate the open motion at Document 21.  !

SO ORDERED.

Dated: August 31, 2020
      New York, New York

Vernon S. Broderick
United States District Judge