# STUART H. FINKELSTEIN

*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

March 18th, 2021

The Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

                                            Re: Antolini vs. Ramon Nieves, et al
                                            Case No.: 1:19-cv-07645-VSB

Dear Judge Broderick,

Plaintiff writes in response to defendant's motion for Summary Judgment [DE 88-92] and respectfully requests that defendants' motion be denied with prejudice for their blatant violation of the Federal rules of Civil Procedure and the Local Rules for the Southern District of New York. Nowhere in defendant's submissions is there an offered statement of facts, as is required by S.D.N.Y Loc. R. 56.1. Plaintiff believes that outright denial is warranted as this current behavior goes hand in hand with their endless course of dilatory tactics necessitating over five letter motions to obtain simple discovery responses for more than a year.

S.D.N.Y Local Civil Rule 56.1 requires that upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. *See* S.D.N.Y. Loc. R. 56.

Failure to submit such a statement may constitute grounds for denial of the motion. Chiarelli *v. Nissan N. Am.*, 2017 WL 2982974, at *2 (E.D.N.Y. July 12, 2017) (denying summary judgment motion for blatant violation of Loc. R. 56.1): "Without a **Rule 56.1** Statement from Defendant (and a response from Plaintiffs), the court cannot adequately assess whether there exist any genuine issues of material fact, which would preclude entry of summary judgment in favor of Defendant."); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001); *see also Barkley v. Olympia Mortg. Co.*, 2010 WL 3709278, at *14 (E.D.N.Y. Sept. 13, 2010) (denying summary judgment motion based on movant's failure to submit a Rule 56.1 Statement); *MSF Holding Ltd., v. Fiduciary Trust Co. Int'l.*, 435 F. Supp. 2d 285, 304 (S.D.N.Y. 2006) (same); *Searieht v. Doherty Enters., Inc.*, 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (same). (emphases added); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) (noting that Local Civil Rule 56.1 imposes a "strict" requirement).

STUART H. FINKELSTEIN, ESQ.

Presently, defendants' motion should be denied. Defendants have muddied the waters so much so that it is difficult to even tell which facts they believe are in dispute. Even a cursory reading of defendant's 'background' section reveals a slew of conclusory, self-serving statements that Plaintiff vehemently disagrees with. Most importantly, Plaintiff cannot be sure as to exactly what facts defendants are claiming that there is "no genuine issue to be tried." See S.D.N.Y. Loc. R. 56.1(a). Plaintiff might hypothesize or even do his best to parcel through the haystack of word salads, but that is not Plaintiff's burden, as the non-movant, to bear. This is the exact reason 56.1 was codified; to show where exactly the disputes lie beyond relying on argument headings that do not sufficiently state the totality of a party's factual/legal positions. See Barkley v. Olympia Mortg. Co., 2010 WL 3709278, at *14 (E.D.N.Y. Sept. 13, 2010). Plaintiff cannot be sure about the exact issues defendants claim are undisputed, the amount of issues, or the exact areas of fact/law that Plaintiff must refute.

This is defendants' motion and they have botched it in a way that has prejudiced Plaintiff and wastes not only this Court's time, but Plaintiff's and his counsel's as well. There is a briefing schedule in place, but this is no longer a fair schedule because defendants' actions in failing to comply with the rules has created unfair obstacles that exist only *because of defendant's conduct*. For Plaintiff to now be required to comply with the rules and read through all of their papers to attempt to try and figure it out is just not fair. It cannot be that a defendant, whose position is already tenuous at best, is able to sandbag their adversary by re-writing civil process & procedure, to get a 'leg up.' Defendants should be admonished and condemned and their motion should be denied.

Local Rule 56.1 is designed to place the responsibility on the movant to clarify the elements of the substantive law which remain at issue because they turn on contested facts. Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 292 (2d Cir. 2000). It is not the courts or non-movant's responsibility to "hunt through voluminous records without guidance" from a proper statement of facts. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001). The prejudice is apparent as defendant's blatant omission obstructs the adjudication of the American With Disabilities Act to make compliant this facility. Its owners and operators have been discriminating against all who are not physically able to gain access to this Place of Public Accommodation for over six (6) years. There are simply no just grounds for failing to deliver what is mandated by this Court, especially in light of all the delay by defendants.

Accordingly, defendants' motion should be denied with prejudice along with any other relief that the court may deem just and proper. Plaintiff respectfully requests that the case be placed on the trial calendar.

Thanking you for your time, I remain,

Very truly yours,

Stuart H. Finkelstein, Esq.

SHF/tc
To all counsel via ECF