UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DINO ANTOLINI,

                                        Plaintiff,            Case No. 18-cv-07645

                    -against-

                                                             **STATEMENT OF MATERIAL
                                                             FACTS PURSUANT TO
BARBARA NIEVES, 195 10TH AVE, LLC,                           <u>LOCAL CIVIL RULE 56.1</u>**
GASPARE VILLA, ANNA DASILVA
and SONNY LOU, INC.,
                                        Defendants.
-------------------------------------------------------------------------X

 **PLEASE TAKE NOTICE**, that pursuant to Local Civil Rule 56.1 and the individual rules

of Hon. Vernon Broderick, the Defendants hereby submit then following statements of material

facts which the moving party contends there is no genuine issue to be tried.

<u>**THE ACTION, PARTIES AND JURISDICTION**</u>

1. The above captioned action (the "Action") was commenced with the filing of a Summons

and complaint on August 15, 2019.

2. Service of process on Defendant Sonny Lou, Inc. and Anna DaSilva by personal delivery

upon Anna DaSilva.

3. Service of process on Defendant 195 10th Ave, LLC and Barbara Nieves was alleged

effectuated by service upon an employee of Baxter Check Cashing located at 81-36 Baxter

Avenue, Elmhurst, New York 11373, Ms. Emily Chauevez.

4. Baxter Check Cashing is the New York Department of State designee for service of process

for 195 10 Ave, LLC.

5. Ramon Nieves died on January 1, 2020.

6. The parties have stipulated to dismissal of all claims against Ramon Nieves with prejudice.

7.      Defendant 195 10th Ave, LLC owns the building located 195 10th Avenue, New York, New York.

8.      195 10th Avenue is a mixed-use building with a commercial unit on the ground floor and five residential units above.

9.      Defendant Sonny Lou, Inc. leases the ground floor commercial unit at 195 10th Avenue to operate a restaurant business commonly known as "Pepe Giallo" (the "Premises").

10.     A written lease agreement exists between 195 10th Avenue, LLC and Sonny Lou, Inc.

11.     The lease agreement began March 15, 2016 and continues to date.

12.     On front glass windowpane at the main entryway of Premises, a handicap emblem is displayed with a doorbell directing patrons to use the bell for handicap access.

13.     Sonny Lou uses a movable temporary wheelchair accessible ramp to accommodate persons with disabilities.

14.     The Complaint alleges five causes of action stemming from alleged violations the Title III of the Americans with Disabilities Act, the New York State Executive Law, New York State Civil Rights Law, the Administrative Code of the City of New York, and common law negligence.

15.     The Complaint alleges that the following barriers to access exist at the Premises:

I.      An accessible entrance to the facility is not provided. Defendants fail to provide that at least 50% of its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i). Defendants fail to provide that at least 60% of its public entrances are accessible. See 2010 Standards 206.4.1. Defendants fail to provide that its public entrances are accessible. See 2014 NYC 1105.1.

II.     There is an insurmountable step at the exterior side of the entrance door which has a change in level greater than ó inch high) as well as a protrusion inside the restaurant leading to the dining area. Defendants fail to provide that changes in level greater than 1/2-inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.

III.    The entrance door lacks level maneuvering clearances at the pull side of the door due to the steps. Defendants' fail to provide an accessible door with level

...

maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.

IV.    Routes throughout the Restaurant are less than 36 inches wide. Defendants fail to provide an accessible route of at least 36 inches. See 1991 Standards 4.3.3, 2010 Standards 403.5.1, and 2014 NYC 403.5.

V.    Routes throughout the Restaurant lack required maneuvering around end caps. Defendants fail to provide the minimum required maneuvering clearances from which to make a 180-degree turn around an element along the accessible route. See 1991 Standards 4.3.3, 2010 Standards 403.5.2, and 2014 NYC 403.5.1.

VI.    The service counter is more than 36 inches above the finish floor. Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.

VII.    The exit door, which is also the entrance door, is not accessible as described above. Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.

VIII.    Failure to provide an accessible pathway, of at least 36 inches in width, in front of restroom area, in violation of 28 C.F.R. Part 36, Section 4.3.3. Failure to provide at least one lavatory that has a clear floor space for a forward approach of at least 30 inches wide and 48 inches long as required by 2010 ADAAG § 606.2;

IX.    Failure to provide sufficient clear floor space/sufficient turning radius, in restroom to provide safe adequate maneuverability. Failure to rearrange stall partitions and/or walls to provide sufficient accessibility and maneuvering space in restroom for individuals with disabilities, as required by 28 C.F.R. Part 36, Section 4.17. Photographs depicting some of the discriminatory barriers are annexed as Exhibit A, made a part hereof and incorporated by reference herein.[1]

16.    On November 2, 2020, Plaintiff served upon Defendants the resume of Plaintiff's proposed expert witness, Billy Chen.

17.    On November 30, 2020, Plaintiff's expert witness, Billy Chen, R.A., conducted an interior

---

[1] The Complaint mistakenly lists roman number VIII as both representing list number 8 and 9. It is corrected herein to show VIII and IX.

and exterior survey of the Premises.

18.     Billy Chen is the principal of B Chen Architect, PPLC.

19.     Billy Chen conducted the survey alone and did not have with him any employees or representatives of B Chen Architect PPLC or any employee or representative of Plaintiff, or Plaintiff's counsel.

20.     Mr. Chen is a registered architect within the State of New York.

21.     Mr. Chen's survey consisted of walking around the front façade of the Premises and the interior public dining area of the restaurant.

22.     Defendant Anna DaSilva and Gaspare Villa were present for the entirety of the Chen's survey.

23.     Mr. Chen did not take any measurements of the interior of the Premises.

24.     Mr. Chen did not take any measurements of the exterior of the Premises.

25.     Following the survey, Mr. Chen generated a report containing his findings as to whether the Premises was compliant with the standards of the American Disabilities Act.

26.     Mr. Chen's findings report is dated December 10, 2020. (the "Chen Report").

27.     The Chen Report concluded that the interior of the Premises is fully compliant with the standards of American Disabilities Act.

28.     The Chen Report concluded that exterior front entryway of the Premises is not ADA compliant because the main entry door is raised approximately 6" above the sidewalk.

29.     Mr. Chen did not survey, measure or photograph the fire escape ladder above the front entryway of the Premises.

30.     Mr. Chen did not survey, measure or photograph the tree or tree bedding across from the front entryway of the Premises.

31.     Mr. Chen did not survey, measure or photograph the concrete steps of the school building that is immediately adjacent to the Premises.

32.     Mr. Chen did not survey, measure or photograph the cellar hatch door immediately adjacent to the front entryway of the Premises.

33.     Mr. Chen did not survey, measure or photograph the main entryway door to the residential units above the Premises which is located immediately adjacent to the front entryway of the Premises.

34.     The Chen Report does not provide any proposed architectural drawings of the recommended ADA compliant wheelchair ramp.

35.     The Chen report does not state whether the recommended ADA compliant wheelchair ramp would conform with New York City Building Code, the New York City Fire Code, the Department of Transportation, Mass Transit Authority, or any other city, state or federal agency or authority.

36.     Plaintiff's expert has not stated any ADA violations as to the interior of the Premises.

37.     Plaintiff's expert has not proposed a readily achievable remediation to the exterior main entryway condition.

38.     Plaintiff's expert does not state whether Defendant's achieved remedy (the movable wheelchair accessible ramp) is not compliant or not sufficient.

39.     Plaintiff's expert has not proposed a feasible remediation to the exterior main entryway condition.

40.     On January 12, 2021, Plaintiff's retained Hany Demetry, R.A. of Sotir Associates as an expert witness.

41.     Hany Demetry is a registered architect within the State of New York.

5

42.     On January 12, 2021, Mr. Demetry performed a site inspection of the Premises located at 195 10th Avenue, New York, New York.

43.     Mr. Demetry's inspection consisted of observing the interior and exterior of the Premises, photographing the exterior Premises, and documenting all façade and sidewalk measurements, needed to prepare plans and construct the ramp.

44.      Following the inspection, Mr. Demetry prepared a report containing his findings as to whether an ADA compliant wheelchair ramp is feasible at the front entryway of the Premises.

45.     Mr. Demetry's findings report is dated January 14, 2021 (the "Demetry Report").

46.     Mr. Demetry analyzed whether an ADA compliant wheelchair ramp is feasible under the current entryway design of the Premises.

47.     Mr. Demetry concluded that an ADA compliant wheelchair ramp is not feasible under the current entryway design of the Premises because such construction would result in an illegal condition.

48.     Mr. Demetry proposed two alterative scenarios ("Scenario #1" and "Scenario #2") for the construction of an ADA compliant wheelchair ramp.

49.     Under Scenario #1, Mr. Demetry concluded that an ADA compliant wheelchair ramp was not feasible as it would result in an illegal condition.

50.     Under Scenario #2, Mr. Demetry concluded that an ADA compliant ramp was not feasible as it would result in an illegal condition.

51.     The Demetry Report contains proposed architectural drawings for construction of the ADA compliant ramp under the current Premises entryway.

52.     The Demetry Report contains proposed architectural drawings for construction of the ADA compliant ramp under the Scenario #1 proposal.

53.     The Demetry Report contained proposed architectural drawings for construction of the ADA compliant ramp under the Scenario #2 proposal.

54.     The Demetry Report stated whether an ADA compliant wheelchair ramp would conform with New York City Building Code, the New York City Fire Code, the Department of Transportation, Mass Transit Authority, or any other city, state or federal agency or authority.

 Dated:          March 1, 2021

                                        FASULO BRAVERMAN & DIMAGGIO, LLP

                         By:      /s/ Michael Giordano
                                 Michael Giordano
                                 225 Broadway, Suite 715
                                 New York, New York 10007
                                 (212)566-6213
                                 *MGiordano@FBDMLaw.com*

                                 *Counsel for Defendants Barbara Nieves, 195 10th Ave LLC, Gaspare Villa, Anna DaSilva and Sonny Lou, Inc.*