UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
DINO ANTOLINI,                                             :
                                                           :
                              Plaintiff,                   :
                                                           :         19-cv-7645 (VSB)
                   -against-                               :
                                                           :              **ORDER**
RAMON NIEVES, et al.,                                      :
                                                           :
                              Defendants.                  :
                                                           :
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/2021
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On January 22, 2021, I set a briefing schedule for motions for summary judgment in this case—motions were due March 1, 2021, responses due April 2, 2021, and any reply memoranda due April 23, 2021. (Doc. 83.) On March 1, 2021, there was a problem with the ECF electronic filing system, which hindered Defendants—as well as many other litigants in this District, and perhaps others—from making filings on that day. At 11:53 PM on March 1, 2021, Defendants' counsel explained the technological problem and emailed their materials, including their statement pursuant to Local Rule 56.1, to my Chambers inbox, as well as to Plaintiff's counsel. When Defendants electronically filed their materials on the following day, they inadvertently neglected to upload the Rule 56.1 statement. *See* (Doc. 95, at 2.)

On March 18, 2021, Plaintiff filed a letter urging me to deny Defendants' motion for summary judgment outright because Defendants' Rule 56.1 statement was not filed. (Doc. 93.) The following day, Defendants acknowledged their mistake and electronically filed the Rule 56.1 statement, but noted that they had successfully emailed Plaintiff's counsel the statement on March 1, 2021, in light of the technological problems with ECF. (Doc. 95.) Defendants further

urged me to treat Plaintiff's letter as his opposition memorandum to their motion for summary judgment, and therefore grant Defendants' summary judgment motion in full. (*Id.*) On March 22, 2021, Plaintiff's counsel stated that he did not see Defendants' email with the Rule 56.1 statement, requested that I not treat his March 18, 2021 letter as Plaintiff's opposition memorandum, and grant an extension for Plaintiff to file his opposition motion on April 23, 2021 in light of his delay in receiving Defendants' Rule 56.1 statement. (Doc. 96.) Defendants filed a letter in response later that day. (Doc. 97.)

Accordingly, it is hereby:

ORDERED that I will not deny outright Defendants' motion for summary judgment, as Plaintiff has urged. (Doc. 93.) The law is clear that district judges should attempt to resolve cases on the merits. *See, e.g.*, *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits").

IT IS FURTHER ORDERED that I will not treat Plaintiff's March 18, 2021 letter, (Doc. 93), as a formal opposition memorandum to Defendants' motion for summary judgment, as Defendants have urged, (Doc. 95.)

IT IS FURTHER ORDERED that, in light of the upcoming holiday, the missed email, and the late filing of Defendants' Rule 56.1 statement, Plaintiff's motion for an extension to file his opposition memorandum to Plaintiff's motion for summary judgment is GRANTED IN PART. Given that Defendants did not file the Rule 56.1 statement until March 19, 2021, and because Plaintiff's counsel represents that he did not see the statement before then, Plaintiff's opposition memorandum to Plaintiff's motion for summary judgment is now due on April 19, 2021, while any reply memorandum from Defendants is now due on May 10, 2021. I will not

make a determination on Defendants' motion for summary judgment until the motion is fully briefed, and, although I appreciate zealous advocacy, I find each counsel's draconian requests unnecessary and inconsistent with the professionalism I expect from counsel who appear before me. Therefore, I direct the parties to refrain from *ad hominem* attacks as this case progresses. Any further requests for extensions are unlikely to be granted absent extraordinary circumstances outlined by counsel in a declaration or affidavit.

SO ORDERED.

Dated: March 29, 2021
      New York, New York

                                      Vernon S. Broderick
                                      United States District Judge