UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DINO ANTOLINI,

                                Plaintiff,                                Case No. 19-cv-07645

           -against-

BARBARA NIEVES, 195 10TH AVE, LLC,
GASPARE VILLA, ANNA DASILVA
and SONNY LOU, INC.,
                               Defendants.
------------------------------------------------------------------------X

**DEFENDANT BARBARA NIEVES, 195 10TH AVE, LLC, GASPARE VILLA, ANNA DASILVA AND SONNY LOU, INC.'S REPLY BRIEF IN SUPPORT OF <u>THEIR MOTION FOR SUMMARY JUDGMENT</u>**

                                                        FASULO BRAVERMAN & DIMAGGIO, LLP
                                                        Michael Giordano, Esq.
                                                        225 Broadway, Suite 715
                                                        New York, New York 10007
                                                        (212)566-6213

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    PLAINTIFF'S SELF-SERVING, INCONSISTANT AND CONTRADICTED AFFIDAVIT FAILS TO ESTABLISH STANDING. ...................................................... 1

    II.   THE ADA CLAIM (COUNT ONE) SHOULD BE DISMISSED AS PLAINTIFF HAS NOT ESTABLISHED THAT ADA COMPLIANCE IS "READILY ACHIEVABLE". ............................................................................................................. 4

        A.   Plaintiff's evidence, raised for the first time in his opposition to summary judgment, after the close of discovery, is statutorily precluded and inadmissable ............................................................................................ 4

        B.   Even considering Plaintiff's inadmissible evidence, plaintiff fails to raise a genuine issue of fact with regard to a "readily achieveable" removal of the barrier ........................................................................................ 9

   III.  PLAINTIFF'S REMAINING STATE AND CITY CLAIMS SHOULD SIMILARY BE DISMISSED .................................................................................................... 11

CONCLUSION ........................................................................................................................... 11

i

## Table of Authorities

**Cases**

B.F. Goodrich v. Betkoski, 99 F.3d 505, 525 (2d Cir. 1996) .......................................................... 8

Bickerstaff v. Vassar College, 196 F.3d 435, 451 (2d Cir. 1999) ................................................... 9

Borkowski v. Vallev Central School Dist., 63 F.3d 131 (2d Cir. 1995) ................................. 6, 7, 9

Disabled in Action of Metro, N.Y. v. Trump Int'l Hotel and Tower, No. 01-cv-5518, 2003 U.S. Dist. LEXIS 5145 at *7 (SDNY Apr. 1, 2003) ....................................................................... 2, 4

Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) .................................................... 3

Kreisler v. Second Ave. Diner Coro., No. 10-cv-7592, 2012 U.S. Dist. LEXIS 129298, at *7 (S.D.N.Y. Sept. 11, 2012) ...................................................................................................... 6, 7, 9

Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) .............. 10

Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969) .............................. 3

Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 - 06 (2d Cir. 2011) ................. 3

Secrest v. Merck, Sharp & Dohme Corp., 707 F.3d 189, 193 (2d Cir. 2013) ................................ 3

Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53 (2d Cir. 1993) .................................................... 8

Young v. Kali Hospitality Ltd., No. 07-cv-395, 2010 U.S. Dist. LEXIS 77637, at *8 (S.D. Ohio Aug. 2, 2010) ............................................................................................................................. 6

**Statutes**

Fed. R. Civ. P. 26 (a) ..................................................................................................................... 5

Fed. R. Civ. P. 26(e) ...................................................................................................................... 6

Fed. R. Civ. P. 37(c) .................................................................................................................. 5, 8

Fed. R. Civ. P. 56(c) ...................................................................................................................... 8

## PRELIMINARY STATEMENT

Defendants submit this Reply Memorandum of Law in further Support of their Motion for Summary Judgment.

## ARGUMENT

### I. PLAINTIFF'S SELF-SERVING, INCONSISTANT AND CONTRADICTED AFFIDAVIT FAILS TO ESTABLISH STANDING

Defendants moved for summary judgment on the basis that Plaintiff lacks standing to bring this action. Plaintiff opposed, submitting only a single, unnotarized, self-serving affidavit in support. In sum and substance, Plaintiff's affidavit attempts to establish that: (1) Plaintiff did in fact attempt to visit the restaurant in August 2019 [Antolini Affidavit [Dkt. 101, Attachment #2 ¶ 8], (2) Plaintiff could not enter because of an insurmountable barrier (i.e., a 6 inch curb) at the front entrance [id. ¶ 9], (3), Plaintiff lives at 225 W. 23rd St in Manhattan, which is close to the restaurant [id. ¶ 12] (4) Plaintiff intends to return to the restaurant, but cannot due to the barrier [id. ¶ 13, 15 & 17].

Mr. Antolini's affidavit dated April 15, 2021, however, is directly contradicted by his deposition taken just four days later on April 19, 2021, in *Antolini v. McCloskey, 19-CV-9038*, another similar action currently pending in this District.

First, Mr. Antolini swore at his deposition, on three separate occasions, that he resides at 8007 Bell Boulevard, Queens Village, New York, and not at 225 W. 23rd St in Manhattan as he stated just four days prior in his affidavit. [See Exhibit A, Deposition of Dino Antolini taken in

1

*Antolini v. McCloskey*, *19-CV-9038* on April 19, 2021 ("Plaintiff's Deposition") at 6, 18, 59;[1] compare with Antolini Affidavit ¶ 12 ("I live very close to the Pepe Giallo restaurant. I live at 225 West 23rd Street, which is right off the corner of 23rd and 10th. The restaurant Pepe is only a block away, right off 22nd and 10th").

Mr. Antolini does not live "a block away," he lives in a different borough. Plaintiff submits this incorrect statement in an attempt to establish standing, as it his burden to show a "plausible intention or desire to return" to the restaurant. See Disabled in Action of Metro, N.Y. v. Trump Int'l Hotel and Tower, No. 01-cv-5518, 2003 U.S. Dist. LEXIS 5145 at *7 (SDNY Apr. 1, 2003).

His sworn affidavit then states that Mr. Antolini is an "Italian American and very much loves Italian restaurants," "Pepe Giallo is an Italian restaurant that gets good reviews for its food," that he "visited the defendants' Subject Facility in August of 2019." Antolini Aff. ¶ 8, 16, 17. In his deposition, however, he was asked specifically about Pepe Giallo and gave the following answers:

> Q:   Are you familiar with a restaurant by the name of Pepe Giallo?
>
> A:   Yes.
>
> Q:   What is it?
>
> A:   A restaurant.
>
> Q:   What kind of restaurant is it?
>
> A:   Spanish.
>
> Q:   Have you ever attempted to visit this business?
>
> A:   Yes.

---

[1] Defendants Exhibit A contains only the relevant excerpts of Plaintiff's Deposition. A full transcript can be made available upon the Court's request.

Q:      When?

A:      I don't remember.

Q:      What date did you attempt to visit this business?

A:      I don't remember.

[Plaintiff's Deposition at 177 – 78 (objections omitted)].

The "sham issue of fact" doctrine prohibits parties from attempting to defeat summary judgment "simply by submitting an affidavit that is contradicted by a party's previously sworn testimony. Secrest v. Merck, Sharp & Dohme Corp., 707 F.3d 189, 193 (2d Cir. 2013) (citing Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969). And while "a district court generally should not weigh evidence or assess credibility of witnesses," in certain cases "a party's inconsistent and contradictory statements transcend credibility concerns and go to the heart of whether the party has raised genuine issues of material facts." Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 - 06 (2d Cir. 2011). Indeed, the Second Circuit has held that,

> in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' . . . and thus whether there are any 'genuine' issues of material fact, without making some assessment of the plaintiff's account. Id. (citing Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (internal citation omitted).

Because Plaintiff's only evidence on this issue is the self-serving, unnotarized affidavit by Plaintiff, and because that affidavit is, at the very least, incomplete and contradicted by competent evidence, this Court is well within its discretion to make an assessment of Plaintiff's account. To this end, this Court need not find that Plaintiff intentionally lied or committed perjury to disregard some or all of his evidence. Instead, this Court need only find that his affidavit is unsupported by anything in the record, and is incomplete, inconsistent, and/or contradicted by competent evidence. See Rojas, 660 F.3d at 105.

This Court should disregard Plaintiff's attempt to establish standing by his conclusory, unsupported statement that he intends to visit the facility again [Antolini Aff. ¶ 17], especially in light of the fact that he does not live "a block away" from the restaurant. Notably, Plaintiff has not produced any other evidence in support of his conclusory, non-specific claims (such as photographs, receipts, diary entries, phone records, etc.), despite Defendants demands during discovery for such items.

Notwithstanding the initial arguments made in Defendants' original moving papers, Plaintiff cannot establish standing without establishing a "plausible intention or desire to return" to the restaurant. See Disabled in Action of Metro, N.Y. v. Trump Int'l Hotel and Tower, No. 01-cv-5518, 2003 U.S. Dist. LEXIS 5145 at *7 (SDNY Apr. 1, 2003). Knowing this, Plaintiff strategically drafted an opposing affidavit in an attempt to overcome summary judgment on this point. This Court can, and should, weigh Plaintiff's credibility in light of the issues raised above and find that Plaintiff has failed to establish standing.

**II. THE ADA CLAIM (COUNT ONE) SHOULD BE DISMISSED AS PLAINTIFF HAS NOT ESTABLISHED THAT ADA COMPLIANCE IS "READILY ACHIEVABLE"**

A. *PLAINTIFF'S EVIDENCE RAISED FOR THE FIRST TIME IN HIS OPPOSITION TO SUMMARY JUDGMENT, AFTER THE CLOSE OF DISCOVERY, IS STATUTORILY PRECLUDED AND INADMISSABLE*

Plaintiff offers, for the first time in his opposition papers, additional evidence that was not produced or disclosed prior to the close of discovery. This additional evidence includes:

(1) An affidavit from Plaintiff's Expert, Billy Chen, disclosing, *inter alia*, that:

    a. He took measurements and estimations of the front sidewalk of Pepe Giallo, the raised front step, and the interior of the restaurant;

4

    b. He "noted" the dimensions of the platform landing, fire escape ladder, and the distance to the ground as it is fully extended;

    c. That he "does not agree" with Defendants' Experts' opinions and conclusions;

    d. Proposing a conclusory, unsupported configuration for compliance;

    e. Including a cost estimate; and

    f. Including additional opinions not previously disclosed [See Chen Affidavit (Dkt. 101, Attachment # 3).

(2) An unverified, uncertified hand drawing of, what appears to be, a proposal for a ramp [See Dkt. 101, Attachment # 5]; and

(3) An unverified, uncertified pamphlet from "Titan," which appears to be a company that provide pre-fabricated ramps. [Dkt. 101, Attachment #8].

As noted, this evidence raised for the first time in opposition to Defendants' motion and long after the close of discovery, is categorically precluded from consideration by this Court. See Fed. R. Civ. P. 37(c). Rule 37(c) is clear that a party is prohibited from using information, or using a witness to supply evidence, on a motion, at a hearing or at a trial where the party failed to disclose such information under Rule 26(a) or (e). See Fed. R. Civ. P. 26 (a) & (e).

(1) <u>Plaintiff's Expert's Affidavit Contains New, Undisclosed Evidence and Testimony, and as such, is Inadmissible</u>

With the exception of interrogatory responses, the *only* discovery Plaintiff produced in this entire action prior to the instant motion is the unsigned Chen Report dated December 10, 2020 and Mr. Chen's CV. [Dkt. 89, Exhibit # 7 and 8].

With regard to the April 16, 2021 Chen Affidavit as it relates to his December 10, 2020 Report, *First*, the Report does not contain any mention of taking measurements and notes. See

Chen Report at 1 ("The survey consisted of walking around the front façade of the restaurant and the interior public dining area."). This is because he did not take any. See Villa Affidavit ¶ 23 – 30 [Dkt. 91] (noting that Mr. Villa was present for the inspection, that it lasted approximately 3-5 minutes, and that Chen took no measurements or notes at all). As such, subsequent reference to taking "measurements" and "notes," as well any evidence, opinions or conclusions formed therefrom, are precluded.

*Second*, the only mention of a ramp at the front entryway in the December 10 Report is as follows: "There should be a handicap ramp on the exterior of the building." See Chen Report [Dkt. 89, Ex. # 7] at 1-2. This is the *entirety* of his "opinion and conclusion" as to a ramp at the front entrance way. It is incontrovertible that the Chen Report was void of any "plausible proposal for the removal of a barrier" with "at least some estimate of cost." See Borkowski v. Valley Central School Dist., 63 F.3d 131 (2d Cir. 1995); see also Kreisler v. Second Ave. Diner Corp., No. 10-cv-7592, 2012 U.S. Dist. LEXIS 129298, at *7 (S.D.N.Y. Sept. 11, 2012), aff'd, 784 F.3d 184 (2d Cir. 2013); Young v. Kali Hospitality Ltd., No. 07-cv-395, 2010 U.S. Dist. LEXIS 77637, at *8 (S.D. Ohio Aug. 2, 2010) ("Under even the test from the Second Circuit, however, a Title III plaintiff needs to provide some cost estimate and a proposal for barrier removal"). Thus, his untimely proposal and cost estimate should be precluded.

*Third*, Plaintiff's Experts' unverified, unsupported by facts or opinion proposal for the installation of a ramp, as well as his opinion against Defendants' Expert's proposal, was not previous disclosed, nor had Plaintiff attempted to amend his previous disclosures, nor did he move for additional time to do so. See Fed. R. Civ. P. 26(e). Therefore this untimely evidence should also be precluded.

6

Once stripped of all post-discovery information, Plaintiff's Expert's affidavit should only be considered to the extent that it discusses his previously disclosed evidence as contained in his Report. For ease of reference, annexed hereto is a copy of Mr. Chen's affidavit with all post-discovery information, opinions and conclusions stricken. See Exhibit B, Stricken Chen Affidavit. Considering only this admissible evidence, it is again clear that Plaintiff has not meet his initial burden of showing of offering a "plausible proposal for the removal of a barrier" with "at least some estimate of cost. See Borkowski v. Valley Central School Dist., 63 F.3d 131 (2d Cir. 1995); see also Kreisler v. Second Ave. Diner Corp., No. 10-cv-7592, 2012 U.S. Dist. LEXIS 129298, at *7 (S.D.N.Y. Sept. 11, 2012), aff'd, 784 F.3d 184 (2d Cir. 2013).

Assuming, *arguendo*, that this Court considers Mr. Chen's newly disclosed proposal that a ramp is "plausible," Defendants have overcome Plaintiff's claim of plausibility and have conclusively met its burden of persuasion that removal of the alleged barrier is not readily achievable. See Roberts v. Royal Atl. Corp, 542 F.3d 363, 373 (2d Cir. 2008).

(2) Plaintiff's Unauthenticated, Unverified and Uncertified Hand-Drawn Proposal is Inadmissible

Plaintiff also offers what appears to be a hand-made drawing of a proposal for a ramp. See Plaintiff's Exhibit G, self-titled as the "Chen Diagram" [Dkt. 101, Attachment #5]. For the same reasons as above, this diagram is precluded from consideration, pursuant to Rule 37(c).

Even more perplexing, however, is that there is no reference whatsoever to when the diagram was drawn, what measurements were used, what is depicted in the diagram, what rules, laws, or codes were conferred with in drafting the diagram, what architectural methods were applied in drafting the diagram (if any), how the diagram relates to Defendants' restaurant, or even

*who* drew the diagram. Plaintiff self-titled the exhibit as the "Chen Diagram," but Mr. Chen makes no reference *whatsoever* to the diagram, nor does he ever even claim authorship.

The most basic rules of summary judgment require that a party asserting that a fact is genuinely disputed must support the assertion by admissible evidence in the record. Fed. R. Civ. P. 56(c)(1)-(2). Furthermore, an affidavit used to oppose a motion must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4). It is well settlement that, when deciding a motion for summary judgment, only admissible evidence may be considered. B.F. Goodrich v. Betkoski, 99 F.3d 505, 525 (2d Cir. 1996). "Summary evidence is admissible when the underlying documents are admissible and made available to the adverse party. Id. (citing Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53 (2d Cir. 1993).

Plaintiff's diagram, offered as the "Chen Diagram," which has not been "made available to the adverse party," fails this test. It lacks the most basic information, including *who* drafted the document and *when* was it drafted. This Court should not consider the exhibit titled as the "Chen Diagram."

(3) <u>Plaintiff's Unauthenticated, Unverified and Uncertified Exhibit Titled EZ Access Titan Ramp Model is Inadmissible</u>

Plaintiff also offers what appears to be pamphlet from a company that offers prefabricated ramps. See Plaintiff's Exhibit J, titled "Model Ramp" [Dkt. 101, Attachment #8]. Like the "Chen Diagram," the "Model Ramp" exhibit is also precluded from consideration as it was first produced in Plaintiff's opposition papers. See Fed. R. Civ. P. 37(c). Additionally, the pamphlet is inadmissible as it does not meet the most basic authentication requirements, lacks an accompanying business record certification, and lacks any particularized reference to Defendants'

8

restaurant. Nothing in the record indicates that the EZ ACCESS Titan Model Ramp meets any of the needs of Defendants' restaurant, or even complies with any New York City or State regulatory codes, rules or laws. Like the "Chen Diagram," Plaintiff offers this exhibit in an attempt to offer a "plausible proposal for the removal of the barrier." Borkowski v. Valley Central School Dist., 63 F.3d 131 (2d Cir. 1995); see also Kreisler v. Second Ave. Diner Corp., No. 10-cv-7592, 2012 U.S. Dist. LEXIS 129298, at *7 (S.D.N.Y. Sept. 11, 2012), aff'd, 784 F.3d 184 (2d Cir. 2013). Affidavits in opposition to summary judgment must be based upon "concrete particulars, not conclusory allegations." Bickerstaff v. Vassar College, 196 F.3d 435, 451 (2d Cir. 1999). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." Id. Similarly, Mr. Chen's conclusory assertion that the ramp should "no more than approximately $5,500" lacks evidentiary support or explanation, and as such, should be disregarded.

Plaintiff's submission of an unauthenticated, unverified and uncertified pamphlet from a company that purports to provide ramps is inadmissible, and as such, should not be considered on summary judgment.

B. EVEN CONSIDERING PLAINTIFF'S INADMISSIBLE EVIDENCE, PLAINTIFF FAILS TO RAISE A GENUINE ISSUE OF FACT WITH REGARD TO A "READILY ACHIEVEABLE" REMOVAL OF THE BARRIER.

Assuming, *arguendo*, that this Court considers permits Mr. Chen's newly disclosed proposal, Defendants have conclusively met its burden of persuasion that removal of the alleged barrier is not readily achievable. See Roberts v. Royal Atl. Corp, 542 F.3d 363, 373 (2d Cir. 2008).

9

In analyzing the possible installation of a fixed, permeant ADA-compliant ramp, Defendants' expert Mr. Demetry analyzed three possible scenarios for installation, finding that all three scenarios would result in multiple violations of either the NYC Building Code, Fire Code, and DOT regulations, among others. Contrary to Plaintiff's assertions, Mr. Demetry makes very specific reference to the regulation standards and requirements. See e.g., Demetry Affidavit ¶ 21 (in analyzing a ramp under the existing plan, finding that "a permanent platform landing for wheelchair accessibility is required to be 5'-0" x 5'-0," which would require an additional 2'-0" concrete platform added to the existing platform. The additional 2'-0" concrete platform would interfere and obstruct the fire escape landing for the residential units above. This would be a violation of egress and fire safety requirements of the NYC Building Code and Fire Code because a fire escape must land on a flat landing"). A review of the Demerty Report and Affidavit make clear that, unlike Mr. Chen, Mr. Demerty based his opinions and conclusions on informed, reliable, competent , and *admissible* evidence. He provided architectural drawings for each scenario, analyzed each under architectural and legal requirements, and noted exactly where each scenario would violate relevant regulation. Plaintiff's drawing, on the other hand, fails to comply with the most basic architectural principals (such as the taking of precise measurements) and has not been authenticated. This is not a "battle of the experts" scenario as Plaintiff implores this Court to believe. Plaintiff's evidence offered in opposition is nothing more than conclusory speculation and fails to raise a genuine issue of material fact. See Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation). Notably, the same analysis and conclusion applied above is similarly applied under a "maximum extent feasible" theory,

The reliable, competent and admissible evidence submitted in this matter establishes that the construction of a fixed, permanent ADA-compliant ramp is not possible, and as such, not "readily achievable." Notably, the same analysis and conclusion applied above is similarly applied under a "maximum extent feasible" theory. As such, there exists no genuine issue of material fact as to the ADA claim.

### III. PLAINTIFFS REMAINING STATE AND CITY CLAIMS SHOULD SIMILARY BE DISMISSED

Plaintiff seemingly concedes that if his ADA claims fail, then his New York City and New York State law claims must fail. Should this Court find that Defendants are entitled to summary judgment on the ADA claim, Defendants should similarly be entitled to summary judgment on the remaining claims.

### CONCLUSION

Wherefore, Defendants respectfully request summary judgment be granted, together with other and further relief as may be deemed just and proper.

Dated: May 10, 2021

FASULO BRAVERMAN & DIMAGGIO, LLP

By:   /s/ Michael Giordano
Michael Giordano
225 Broadway, Suite 715
New York, New York 10007
(212)566-6213
*MGiordano@FBDMLaw.com*

*Counsel for Defendants Barbara Nieves, 195 10th Ave LLC, Gaspare Villa, Anna DaSilva and Sonny Lou, Inc.*