# STUART H. FINKELSTEIN

*Attorney at Law*
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

May 24, 2021

The Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, New York 10007

                Re: Antolini vs. Ramon Nieves, et al
                Case No.: 1:19-cv-07645-VSB

Dear Judge Broderick,

      I represent Plaintiff Dino Antolini in the above referenced matter. I write pursuant to Rule 4(B) of Honor 's Individual Rules and Practices. I do so to request that defendant's reply dated May 10, 2021 along with their improperly attached exhibits, be struck from the record. In the alternative, Plaintiff requests the Court's leave to file a succinct Sur-Reply to defendant's reply in order to respond to defendant's new and misleading arguments, new factual contentions, and new improper procedural arguments, all submitted for the first time on reply.

      On May 10, 2021, defendants filed a reply memorandum in support of their motion for Summary Judgment. [Dckt No. 104]. Later that night at seven minutes to midnight, defendants also submitted *a deposition transcript from an entirely separate matter*. Defendant's reply papers conclusorily proclaim that 1) a deposition transcript from a different case negates Plaintiff's clear standing and 2) Plaintiff's expert affidavit and accompanying documentation are inappropriate. *Id.* at 2, 5. This is patently improper and cannot go unchecked.

      As a threshold matter, defendant's submission of a deposition transcript from a separate matter for the first time on reply is prima fascia improper. *See e.g.*, Wolters Kluwer Fin. Servs. Inc. v. Scivantage, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) (striking "evidence presented for the first time in reply" and declining to "consider it for purposes of ruling on the motion" because it is "improper to sandbag one's opponent by raising new matter in reply"); Hervochon v. Iona College, 2019 WL 2451295 (S.D.N.Y. Jan. 18, 2019); Toure v. Central Parking Systems of New York, 2007 WL 2872455 (S.D.N.Y. Sep. 28, 2007) (Where court allowed the non-movant to submit a fourteen-page sur-reply to eliminate potential prejudice as a result of alleged new factual material brought in reply papers). Here, in this lawsuit, Defendants neglected to take Plaintiff's deposition. Defendants had over sixteen months to do so as this case was filed in August of 2019. They cannot attempt to cure their own failure by substituting another case for this one. *See* [Dckt. No. 68 setting discovery cutoff at 12/18/2020].

      To the extent that the Court would even think about considering the wholly separate deposition transcript, Plaintiff should be given the opportunity to respond. That deposition is currently the subject of vigorous dispute and on-going motion practice. Not to mention that here, Plaintiff's own driver's license confirms the residential information that Plaintiff submitted in his sworn affidavit in

opposition. *See* [Dckt No. 101-2]. And even further, Plaintiff's standing in this matter is clear as there is no 'borough mandate' such that Plaintiff is not allowed to spend some nights at one address and other nights at another when establishing his intent to return. *And even further*, all Plaintiff need only show there is a material issue of fact regarding standing under ADA Title III. Access 4 All, Inc. v. Trump Intern. Hotel and Tower Condo., 458 F.Supp.2d 160 (S.D.N.Y. 2006).

Defendants also challenge the proper submissions from Plaintiff's expert, Mr. Billy Chen R.A. [Dckt No. 104 at 4-5]. Defendants do not offer any case law or supporting authority other than vague references to R. 26 for their bogus claims that Mr. Chen cannot submit information regarding his ramp opinions stated in his expert report. Defendants' new arguments concerning the alleged inappropriate procedural defects about Plaintiff's expert and about Plaintiff's opposition papers are wrong. First, defendant's contention that *"[Plaintiff's expert] evidence raised for the first time in opposition to Defendants' motion and long after the close of discovery, is categorically precluded from consideration by this Court. See Fed. R. Civ. P. 37(c). Rule 37(c) is clear that a party is prohibited from using information, or using a witness to supply evidence, on a motion, at a hearing or at a trial where the party failed to disclose such information under Rule 26(a) or (e). See Fed. R. Civ. P. 26 (a) & (e).(1)" Plaintiff's Expert's Affidavit Contains New, Undisclosed Evidence and Testimony, and as such, is Inadmissible"* is ironically and completely incorrect. *See* [Dckt No. 104 at 5]. Defendants did not have their expert conduct a site inspection *until after the close of discovery*. Their expert report is literally dated 1/18/2021, exactly a month after discovery had already closed. *See* [Dckt. No. 92-2]. Defendants' initial expert disclosures were due before the close of discovery, but they decided to never submit an initial report. In a conference before Magistrate Lehrburger on January 12, 2021, defendants implored that discovery deadlines did not apply to them because their report was of a "rebuttal" nature. First, per R. 26 as well as controlling case law, with respect to expert disclosures, [rebuttal evidence] **is used to refer to the second of two rounds of expert discovery.** *See* Lidle v. Cirrus Design Corp., WL 4907201 at *n.1 (S.D.N.Y. Dec. 18, 2009) ("In my experience, I have never heard the expressions "rebuttal evidence" or "rebuttal case" to refer to evidence offered by the defendant immediately after the plaintiff's (or prosecution's) case"); Brooks v. Outboard Marine Corp., 234 F.3d 89, 91 (2d Cir. 2000). Defendants January 18, 2021 report was an initial report, both procedurally as noted above, and substantively. It was replete with initial conclusions, scenarios, and opinions. The report did not mention Mr. Chen, Mr. Chen's report, Mr. Chen's findings, use the words "rebut," "rebuttal" or "contradict" at all. *See* Scientific Components Corp. v. Sirenza Microdevices, Inc., WL 4911440 (E.D.N.Y. Nov. 13, 2008) (explaining that true rebuttal report [assuming '2nd' round' procedural correctness] must explicitly highlight supposed inaccuracies and inconsistencies in order to completely rebut all of the opinions expressed by the author, the report of the opposing party's expert).

As such, Plaintiff never had the proper opportunity to respond to defendants improperly submitted report. Discovery was already closed when they submitted their first report and they moved for summary judgment on March 2, 2021, less than six weeks later. Defendant's motion for summary judgment relied upon an expert report that was submitted after the close of discovery. They relied upon expert materials that they apparently knew that Plaintiff could not respond to. This is prima facie sandbagging. This warrants a sur-reply because defendants have improperly raised these arguments and because Plaintiff must be afforded the "opportunity to respond to procedural arguments with relevant information to the disposition of the case." Anghel v. New York State Dept. of Health, 947 F.Supp.2d 28 (E.D.N.Y. 2013) (sur-reply request granted); *See also* Playboy Enterprises, Inc. v. Dumas, 960 F.Supp. 710, 720 n. 7 (S.D.N.Y. 1997); Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F.Supp.2d 381 (S.D.N.Y. 2010).

Secondly, defendants are also wrong on the nature of Mr. Chen's submissions in opposition, which are permissible nonetheless under R. 26, 37, and 2nd Circuit precedent. Once a party moving for summary judgment has made a showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor. *See* Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir.1995). "… [T]o the extent the Affidavit merely provides

"evidentiary detail for the opinions expressed in [his report,]" those portions can and will be considered." Emig v. Electrolux Home Products Inc., 2008 WL 4200988 at *3, n 4 (S.D.N.Y. Sep. 11, 2008) ("defendants argue that these conclusions are "completely different" from those offered by Gorsak in his expert report and, therefore, that they must be disregarded by the Court… The Court does not read Gorsak's Affidavit as impermissibly offering new opinions. Instead, the Affidavit offers more information and elaboration on opinions previously expressed in the Gorsak Report"); cf. Point Productions A.G. v. Sony Music Entertainment, Inc., 2004 WL 345551, at *9 (S.D.N.Y. Feb. 23, 2004) (striking expert's affidavit where it "expound[ed] a wholly new and complex approach," as opposed to "merely support[ing] an initial position")." Here, Plaintiff's initial expert report explained that wheelchair ramp installation was a viable option for achieving ADA compliance, at least with respect to frontal access to the restaurant. See [Dckt. No. 89-7]. Plaintiffs burden in this case is minimal and defendants' burden is higher, as has been well briefed by both sides. Here, defendants, only after the close of discovery, submitted an initial expert report that proffered new 'scenarios and bogus claims of "not readily achievable repairs." The Chen affidavit and accompanying materials submitted in opposition, including his diagram depicting ramp installation viability considering the defendants 'scenarios,' as well as the proposed TITAN ramp options, **are informed by defendants' own information that they sandbagged Plaintiff with.** See [Dckt. No. 101-1 at 16-27 (Plaintiff's memo of law rebutting defendant's wholesale unsupported conclusions about 'illegal' ADA repairs)]. This includes information such as their expert's contentions about DOB and DOT rules, as well as their internally created diagrams that only they could have been in possession of. See Roberts v. Royal Atlantic Corp., 542 F.3d 363, 371 (2d Cir. 2008) ("Because defendants possess superior access to information regarding their own facilities… they are typically in a position far more easily to refute a plaintiff's proposal as unreasonable than is a plaintiff to prove otherwise… both about [their] own organization and, equally importantly, about the practices and structure of the industry as a whole." (Citing Borkowski, 63 F.3d 131, 137 (2d. Cir. 1995)).

Presently, according to defendants' logic, any party could rig the system to never lose: wait until after discovery is over to even engage an expert, have that expert make wholly unsupported claims, and then cry foul when the opposing party objects to those unsupported claims. That runs contrary to all logic and concepts of fairness. Not to mention that it would render the burden shifting framework set forth in *Kriesler*, *Roberts*, and *Borkowski* as a waste of time, which surely the 2nd Circuit did not intend. As such, Plaintiff requests that defendants' reply memorandum and accompanying affidavit be struck and/or to allow Plaintiff to file a sur-reply in response to defendant's submission. See, e.g., Aurora Loan Servs., Inc. v. Posner, Posner & Associates, P.C., 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) (striking affidavits on reply); Olajide v. Palisades Collection, LLC, 2016 WL 1448859 (S.D.N.Y. April 12, 2016) (allowing sur-reply when new information is improperly proffered on reply).

Finally, to the extent that defendants argue that Plaintiff's request for a sur-reply is untimely, that argument cannot stand. As of the date of filing the instant request, it has only been nine business days since defendants filed their reply in support of their motion for summary judgment. Plaintiff's counsel was both observing the Jewish holidays and was also tending to personal health issues. There is no prejudice to defendants in the instant requests, as the very nature of the instant letter is designed to cure the prejudice to Plaintiff that defendants created in their reply papers.

Wherefore, Plaintiff respectfully requests that defendants reply memorandum and accompanying affidavits and exhibits be struck from the record, and/or in the alternative, to allow Plaintiff to file a sur-reply.

Very truly yours,

Stuart H. Finkelstein

To all via ECF