

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY & CO

www.FBDMLaw.com
MGiordano@fbdmlaw.com

<u>Via electronic filing</u>                                                                                             May 28, 2021
Hon Judge Vernon Broderick
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, New York 10007

**Re:**    *Antolini v. Ramon Neives, et al., 19-CV-07645*

Dear Judge Broderick,

    This firm represents all the defendants in the above-captioned matter. I write in response to Plaintiff's letter dated May 24, 2021. Plaintiff's letter seeks to strike the entirety of Defendants' reply memorandum of law and accompanying exhibits, or, in the alternative, for leave to file a sur-reply. Plaintiff's motion should be denied because (1) there is no procedural mechanism to strike an entire reply submission, including a memorandum of law, (2) even if there was, Plaintiff has raised no factual or legal basis to strike Defendants' reply, in part or whole, (3) Defendants' reply does not contain any new information, evidence or arguments raised for the first time on reply that would entitle Plaintiff to a sur-reply, and (4) Plaintiff has waived any objection to claim that Defendants failed to timely produce its expert discovery in accordance with the Court's orders and the Federal Rules of Civil Procedure. As such, Plaintiff's motion should be denied in its entirety.

## Legal Standard

    It is well settled within this Circuit that "reply papers may properly address new materials raised in the opposition papers so as to avoid giving unfair advantage to the answering party." <u>Guadagni v. N.Y.C. Transit Auth</u>., 387 F.App'x 124, 125-26 (2d Cir. 2010). While the same standard applies to sur-replies, a motion for leave to file a sur-reply should be denied 'where the moving party "previously ha[d] ample opportunity to address" the opposing party's arguments.' <u>Williams v. City of Hartford</u>, No. 15-CV-0933 (AWT), 2017 U.S. Dist. LEXIS 224886, *16 (D.C. Conn. June 26, 2017) (<u>citing</u> <u>Tnaib v. Document Techs., LLC</u>, 450 F.Supp.2d 87, 89 n.3 (D.D.C. 2006) (internal citation omitted).

**(1) Defendants' Reply Raises No New Arguments or Evidence Entitling Plaintiff to a Sur-Reply.**

Plaintiff argues that the conflicting sworn statements of Plaintiff (Plaintiff's only fact witness) taken within days of each other, were improperly submitted to this Court in Defendants' reply and raise "new factual contentions." Plaintiff is incorrect for several reasons.

*First*, Plaintiff signed his affidavit submitted in opposition to Defendants' motion for summary judgment on April 15, 2021 [Doc. No. 101-2]. Then just four days later, Plaintiff sat for a deposition in the very similar, but unrelated matter of *Antolini v. McCloskey*, No. 19-CV-9038 pending in this district. Both of these sworn statements were made after Defendants' summary judgment motion was filed, and discussing it in a reply in response to Plaintiff's argument and claims in its answer is permissible. See Guadagni., 387 F.App'x at 125-26. These conflicting statements were unknown to Defendants prior to Plaintiff making them, but they specifically rebut the sworn statement submitted by Plaintiff in his answer.

*Second*, Plaintiff was specifically asked about his home address and purported visit to Sonny Lou, Inc. (Pepe Giallo) in his deposition in *McCloskey*, and gave answers inconsistent with the sworn statement provided in his affidavit signed just four days earlier and submitted in this case. His sworn affidavit in the instant case states that "Pepe Giallo is an Italian restaurant that gets good reviews for its food," that he "visited the defendants' Subject Facility in August of 2019." Antolini Aff. ¶ 8, 16, 17 [Doc. No. 101-2]. In his deposition in *McCloskey*, however, Plaintiff was asked specifically about Pepe Giallo and gave the following answers:

Q: Are you familiar with a restaurant by the name of Pepe Giallo?
A: Yes.
Q:  What is it?
A:  A restaurant.
Q: What kind of restaurant is it?
A: Spanish.
Q: Have you ever attempted to visit this business?
A: Yes.
Q: When?
A: I don't remember.
Q: What date did you attempt to visit this business?
A: I don't remember.

*Third*, Plaintiff cannot argue that these are "new factual contentions" raised for the first time on reply because (1) they are responses to issues raised in Plaintiff's own opposition [See Guadagni., 387 F.App'x at 125-26], and (2) there is no "surprise" to these arguments as Plaintiff and his counsel were present at Plaintiff's deposition. The submission of Plaintiff's own deposition transcript containing statements which contradict those given in his answer to defendants' motions is both fair and appropriate. In fact, the only party who knew about this inconsistency was Plaintiff, and thus Plaintiff is the only party who could not claim surprise.

**(2) Defendants' Expert Report was Timely disclosed and Permissible Under R. 26(a)(2)(D). Any Objections are Untimely and Waived, and Irrelevant to an Application for Leave to File a Sur-Reply.**

Plaintiff argues that Defendants' reply should be stricken and that Plaintiff should be permitted file a sur-reply because Defendants' expert report was untimely and Plaintiff did not have the opportunity to object before substantive motion practice commenced. Plaintiff's arguments on this point are incorrect and waived.

*First,* Defendants have a statutory right to a rebuttal expert, should they so choose, pursuant to Rule 26(a)(2)(D). Defendants chose to exercise this right and served its rebuttal report well within the thirty day period. Thus, Defendants' expert report is permissible and timely.

*Second,* by Order of Judge Lehrburger dated October 28, 2020, the parties were to complete discovery of December 18, 2020 [Doc. No. 67]. On January 12, 2021, parties appeared before Judge Lehrburger for a settlement conference that was unable to proceed because Plaintiff had failed to serve his expert report in compliance with the Court's order. Plaintiff did not serve his expert disclosure report until he was again ordered to do so by Judge Lehrburger on that date. Defendants were given specific permission by Judge Lehrburger to file their expert disclosure in response to Plaintiff's report, and they did so within six days, on January 18, 2021. Plaintiff did not object to this procedure ordered by Judge Lehrburger, nor appeal the order to this Court. Plaintiff raises his objection now for the first time in his sur-reply. Plaintiff has waived his objection to the schedule set by the magistrate judge or to Defendants' expert report. Further, this issue is irrelevant to the permission now sought to file a sur-reply.

*Third*, Plaintiff claims in his sur-reply that he "never had the proper opportunity to respond to Defendants improperly submitted report." See Pl.'s May 24 Let. at 2. This is false. Plaintiff had six weeks before summary judgment motions were due to seek to respond with an appropriate amended expert report. Plaintiff in this case has had no hesitation to make last-minute objections or untimely submissions. Plaintiff is well-versed in making requests for additional time, yet he did not make such an application here, nor did he seek leave to amend his expert disclosure. Plaintiff is a veteran of more than 20 similar lawsuits, and his counsel is lead counsel in more than 50 such claims. It is not plausible that neither knew that an expert should take measurements or photos, or substantiate opinions with attributions to laws or codes. Plaintiff's objection is without merit.

## **Conclusion**

Plaintiff's motion to strike Defendants' reply, or alternatively for permission to file a sur-reply, fails to provide a proper factual basis for his requested relief. Plaintiff fails to establish that Defendants raised new factual or legal arguments for the first time in their reply, for which Plaintiff should be entitled to a sur-reply. Plaintiff's motion also should be denied because (1) it is untimely as it was filed more than two weeks after Defendants' reply was filed, and (2) does not contain a proposed copy of the sur-reply memorandum of law to properly determine the issue Plaintiff seeks to raise in a sur-reply. Should this Court grant Plaintiff's application for a sur-reply, I respectfully request this Court to direct Plaintiff to disclose exactly what limited issues he intends to raise in his sur-reply.

I thank the Court for its consideration.

Respectfully submitted,

   /s/ Michael Giordano   
Fasulo Braverman & Di Maggio, LLP

| **225 Broadway, Suite 715** | **505 Eighth Avenue, Suite 300** | **1086 Teaneck Rd, Suite 3A** |
|---|---|---|
| **New York, New York 10007** | **New York, New York 10018** | **Teaneck, New Jersey 07666** |
| **Tel (212) 566-6213** | **Tel (212) 967-0352** | **Tel (201) 569-1595** |
| **Fax (212) 566-8165** | **Fax (201) 596-2724** | **Fax (201) 596-2724** |